### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| DZ BANK AG DEUTSCHE ZENTRAL-<br>GENOSSENSCHAFTSBANK, FRANKFURT<br>AM MAIN, NEW YORK BRANCH, | ) <br> ) <br> ) <br> ) | |
| Plaintiff, | ) | Case No. 4:09CV01790 HEA |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN F. DIETRICH INSURANCE, INC.,<br>and JOHN F. DIETRICH, individually, | ) <br> ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OF LAW IN SUPPORT OF
### PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM

NOW COMES DZ BANK AG DEUTSCHE ZENTRAL-GENOSSENSCHAFTSBANK,

FRANKFURT AM MAIN, NEW YORK BRANCH, ("DZ Bank"), by and through its attorneys, and

for its Memorandum of Law in Support of its Motion to Dismiss Defendants' Counterclaim, states

as follows:

**A.      Introduction**

DZ Bank sued John F. Dietrich Insurance, Inc. ("Insurance") and John F. Dietrich

("Dietrich") (collectively the "Defendants") for the breach of various contracts including Promissory

Loan No. 6850, the Agreement for Advancement of Loan dated February 29, 2008, a Personal

Guaranty executed by Dietrich, an Acknowledgment and Agreement and a Commission Loan

Promissory Note in the amount of $15,000.00 (collectively, the "Contracts").[1]   The Defendant's

Counterclaim alleges that: 1) DZ Bank violated the Fair Debt Collections Practices Act ("FDCPA")

because it failed to give proper notice of the debt; and 2) DZ Bank violated the FDCPA for failure

---

[1]  DZ Bank filed its Complaint on October 27, 2009.

to provide verification.  <u>See</u> Defendant's Counterclaim, ¶ 6-19.[2]  The Defendant's Counterclaim

must be dismissed because the Contracts do not constitute "debt" pursuant to the FDCPA because

the transaction was not "primarily for personal, family, or household purposes."  15 U.S.C.A. §

1692a(6) (West 2009).

### B. <u>Background</u>.

1.      On February 29, 2008, Brooke Credit Corporation and Insurance executed Promissory

Note, Loan No. 6850 (the "Note"), an Agreement for Advancement of Loan ("AAL") and Dietrich

executed a Personal Guaranty (the "Personal Guaranty") in the principal amount of $461,655.12. <u>See</u>

Amended Complaint and Answer, ¶ ¶ 8-9.

2.      BCC assigned all of its right, title and interest in the Note and the Personal Guaranty

to DZ Bank.  <u>See</u> Amended Complaint, ¶ ¶ 10, 12, 15, 16, 17.

3.      On or about October 27, 2008, Insurance and DZ Bank executed an Acknowledgment

and Agreement (the "Agreement") and a Commission Loan Promissory Note ("Commission Note"),

whereby Insurance acknowledged the terms of the Note and DZ Bank extended additional financing

in the amount of $15,000.00 to the Defendants.  <u>See</u> Amended Complaint, ¶ ¶ 12-13.

4.      Insurance and Dietrich defaulted under the Contracts by failing to make payments

when due.  <u>See</u> Amended Complaint, ¶ 18.

5.      Paragraph 42 of the AAL provides:

**Commercial Loan.**  Borrower and Lender agree that the credit extended hereunder

represents a commercial loan and is not a consumer loan subject to the UCC.

---

[2]  DZ Bank inadvertently excluded the AAL dated February 29, 2008, in Exhibit C of it Complaint.  With Defendants' consent, DZ Bank filed an Amended Complaint on December 21, 2009, to include the correct document in Exhibit C.  DZ Bank did not alter any other allegations in the Amended Complaint.

See the Agreement for Advancement of Loan incorporated in Exhibit A hereto, ¶ 42.

**B.**     **Standard of Review.**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "The allegations in the complaint must be treated as true and must be construed in a plaintiff's favor." William Duffy v. Kevin Landberg, 133 F.3d 1120, 1122 (8th Cir. 1998).  Plaintiff's Complaint may be dismissed "only if it is clear that no relief can be granted under any set of facts that could be proven consistent with the allegations." Diana DuBois v. Ford Motor Credit Company, 276 F.3d 1019, 1022 (8th Cir. 2002).

Generally, when a motion to dismiss presents matters outside the pleadings, the motion is treated as a motion for summary judgment.  Scott L. Silver v. H&R Block, Inc. 105 F.3d 394, 397 (8th Cir. 1997).  However, a counter-plaintiff may not defeat a motion to dismiss by choosing not to attach full documents to its counterclaim which are integral to its cause of action.  Id.  "[W]here a plaintiff chooses not to attach to the complaint, or incorporate by reference, a document upon which it relies, and is integral to the complaint, the defendant may produce such document in support of its motion to dismiss." Karl E. Brogan v. Carl R. Pohlad, 933 F.Supp. 793, 798 (D. Minn. 1995).[3] This Court may take judicial notice of documents which are incorporated into the complaint by reference.  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S.Ct.2499, 2509, 551 U.S.308 (2007).

**C.**     **Count I and Count II of the Defendant's Counterclaim Pursuant to the FDCPA Must Be Dismissed Because the Contracts Are Not Debts for Personal, Family or Household Purposes.**

---

[3] The Defendants fail to attach the Contracts to its Counterclaim even though the documents serve as an integral part of its Counterclaim because the debts complained of in its Counterclaim are created by the Contracts.  Accordingly, DZ Bank has attached the Contracts hereto as Group Exhibit A.

Count I and Count II of the Defendant's Counterclaim must be dismissed, because the Contracts are not debts for personal, family or household purposes.  Pursuant to the FDCPA, "[t]he term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money property, insurance, or services which are the subject of the transaction are primarily **for personal, family, or household purposes**..."  15 U.S.C.A. § 1692a(6) (West 2009) (emphasis added).  Pursuant to the FDCPA, "[t]he term 'consumer' means any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C.A. § 1692a(3) (West 2009).  A business loan cannot be intended for use as "primarily for personal, family or household purposes." Country Club Florist v. Mid-Contingent Adjustment Company, Inc., WL 17451 *1-2 (W.D. Mo. 1987); Michael Bloom v. I.C. System, Inc., 972 F.2d 1067, 1069 (9th Cir. 1992).  The payment obligations must arise "from transactions for personal or household goods." Duffy, 133 F.3d at 1123 (holding that the payment obligations arose from transactions for personal or household use because the obligation arose out of payment for goods at a drug and liquor store).  Additionally, a personal guaranty associated with a commercial transaction is not a debt for personal or household purposes. First Gibraltar Bank, FSB v. Jimmy D. Smith, 62 F.3d 133, 135-136 (5th Cir. 1995) (holding that guarantor's obligation, which arose out of a commercial transaction, did not constitute "debt" under either Federal Fair Debt Collection Act of Texas Debt Collection Act).

Pursuant to the FDCPA and the express terms of the Contracts, this Court must grant DZ Bank's Motion to Dismiss Defendant's Counterclaim.  The Contracts are "for the purpose of purchasing agency assets, franchise, and refinance existing debt." See the Agreement for Advancement of Loan, attached hereto and incorporated in Group Exhibit A, p. 1.  Insurance was

4

a Brooke Insurance Agency.  Id.  Insurance and Dietrich executed the Contracts in order to purchase agency assets and a Brooke Insurance Agency franchise.  Id.  This type of transaction is not contemplated by the FDCPA.  15 U.S.C.A. § 1692a(6) (West 2009).  In fact, it is specifically excluded in the definition of "debt" insomuch as the term "debt" is defined as a transaction "primarily for personal, family, or household purposes."  Id.  The purpose of the FDCPA was to eliminate abusive debt collection practice with respect to consumers and has no application to business loans.  15 U.S.C.A. § 1692(e) (West 2009); Bloom, 972 F.2d at 1069.

Further, the AAL executed by the Defendants in conjunction with the Note, specifically provides that "Borrower and Lender agree that the credit extended hereunder represents a commercial loan and is not a consumer loan subject to the UCC."  See the Agreement for Advancement of Loan attached hereto and incorporated in Exhibit A hereto, ¶ 42.  "The cardinal principal of contract interpretation is to ascertain the intention of the parties and to give effect to that intent."  Dunn Industrial Group, Inc. v. City of Sugar Creek, 112 S.W.3d 421, 428, (Mo. Sup. Ct. 2003).  The Court must read the "contract as a whole and gives the terms their 'plain, ordinary and usual meaning.'" Id.  The Contracts clearly provides that the monies loaned to Insurance and Dietrich were for a business loan and was not a transaction "primarily for personal, family or household purposes."  See the Contracts attached hereto as Group Exhibit A.

Accordingly, because the FDCPA's express statutory language excludes commercial transactions and because the express language of the AAL specifically states that this is a commercial loan, this Court must dismiss Count I and Count II of the Defendant's Counterclaim.

WHEREFORE, DZ Bank respectfully requests that this Court dismiss John F. Dietrich Insurance, Inc. and John F. Dietrich's Counterclaim, as well as any and other further relief which this

5

Court deems just.

Respectfully submitted,

/s/ Nicole M. Iannacone
Michael P. Stephens, #4456
Nicole M. Iannacone, #517866
Jenkins & Kling, P.C.
10 S. Brentwood Blvd., Suite 200
St. Louis, Missouri 63105
(314) 721-2525
(314) 721-5525 (facsimile)
Attorneys for Plaintiff DZ BANK AG DEUTSCHE
CENTRAL-GENOSSENSCHAFTSBANK,
FRANKFURT AM MAIN, NEW YORK BRANCH

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Jessica A. Mikale, Esq.
Wegmann, Stewart, Tesreau,
   Sherman, Eden & Mikale, P.C.
P. O. Box 740
Hillsboro, MO 63050
Attorney for Defendants

this 29th day of December, 2009.

/s/ Nicole M. Iannacone

6