UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DZ BANK AG DEUTSCHE ZENTRAL-GENOSSENSCHAFTS-BANK, FRANKFURT AM MAIN, NEW YORK BRANCH, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:09CV01790HEA |
| JOHN F. DIETRICH INSURANCE, INC , and JOHN F. DIETRICH, Individually, | ) ) ) ) ) | |
| Defendants. | ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff/counterclaim defendant DZ Bank's ("plaintiff") Motion to Dismiss Defendants' Counterclaim [Doc. No. 14]. DZ Bank originally brought the Complaint against defendants John F. Dietrich Insurance, Inc, and John F. Dietrich (collectively "defendants"), claiming breach of contract against both defendants [Doc. No. 1]. In response, Defendants filed a Counterclaim [Doc. No. 9-2], alleging plaintiff violated 15 U.S.C. § 1692 of the Fair Debt Collection Practices Act ("FDCPA").

## Facts and Background

Based upon the facts set forth in the Court record, DZ Bank brought suit against defendants for the breach of various contracts. Plaintiff contends that on February, 29, 2008, Brooke Credit Corporation ("BCC") and Dietrich Insurance, Inc. executed a Promissory Note, Loan No. 6850, an Agreement for Advancement of Loan, and Dietrich executed a Personal Guaranty in the principal amount of $461,655.12. Amended Complaint at 2. BCC assigned all of its rights, title and interest in the Note and the Personal Guaranty to DZ Bank.

In October of 2008, Dietrich Insurance, Inc. and DZ Bank entered into an Acknowledgment and Agreement and a Commission Loan Promissory Note. Dietrich Insurance, Inc. acknowledged the terms of the Note and DZ Bank offered additional financing in the amount of $15,000.00 to defendants. Defendants failed to make payments when due, resulting in default.

## Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-70 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556) "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (quotation mark omitted).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Id.* at 1950-51. These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the

3

Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## **Discussion**

Defendants raised two counterclaim allegations against plaintiff. Defendants allege that the "Notice of Default" document [Doc 9-2, Resp. Exh. 1] plaintiff sent to defendants failed to comply with the requirements of 15 U.S.C. § 1692g, and that plaintiff did not, within five days of sending the document, provide the required information. Additionally, defendants allege that plaintiff violated the FDCPA by failing to provide proper verification under the 15 U.S.C. § 1692g(b).

Plaintiff argues that defendants' counterclaims are precluded by the plain meaning of 15 U.S.C. § 1692, and the FDCPA does not apply here. Plaintiff contends that the term "debt" only applies to transactions primarily for personal, family or household purposes. *See* 15 U.S.C. § 1692a(5). Additionally, plaintiff states that the express language of the contracts in question were executed for the specific purpose "of purchasing agency assets, franchise, and refinance existing debt," and defendant John F. Dietrich Insurance, Inc. was a Brooke Insurance Agency. *See* Doc. No. 15-2, Resp. Exh. A at 4-16.

Under 15 U.S.C. § 1692a(5) of the FDCPA, "debt" is defined as

"any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

The language of the Agreement for Advancement of Loan specifically states the following:

> **Commercial Loan**. Borrower and Lender agree that the credit extended hereunder represents a *commercial loan* and is *not a consumer loan* subject to the UCC.

(Emphasis added) Doc. No. 15-2, Resp. Exh. A at 15, ¶ 42.

"If the plain language of a statute is unambiguous, that language is conclusive absent clear legislative intent to the contrary; therefore, if the intent of Congress can be clearly discerned from the statute's language, the judicial inquiry must end." *Clark v. U.S. Dept. Of Agriculture*, 537 F.3d 934, 940 (8th Cir. 2008).

Under 15 U.S.C. § 1692a(5), the FDCPA only applies when the obligation in question deals with personal debt. It is clear to the Court that the contracts executed between plaintiff and defendants were entered into for business and commercial–not personal–purposes. Additionally, nowhere in defendants' Counterclaim do they allege that their obligations qualify as "debt" as defined by 15 U.S.C. § 1692a(5).

Therefore, the Court finds that the Agreement does not fall under the FDCPA and both counterclaims fail as a matter of law.

## Conclusion

Based upon the foregoing, defendants have failed to state a cause of action against plaintiff DZ Bank. As such, their counterclaims must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss Defendants' Counterclaim [Doc. No. 14], is granted.

**IT IS FURTHER ORDERED** that plaintiff is dismissed as counterclaim defendant.

Dated this 8th day of February, 2010.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE